UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-24109

ILYASHA DAVIS,

       Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

       Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY[1]**

       Plaintiff, ILYASHA DAVIS (hereinafter "DAVIS"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION & PLC, (hereinafter "CARNIVAL"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

       1.    DAVIS seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

       2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

       3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

       4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by CARNIVAL.

---

[1] When this complaint refers to a numbered paragraph, such as "paragraph 16" for example, unless otherwise stated, it is referring to the corresponding numbered paragraph of this complaint.

5.    DAVIS is *sui juris* and is a resident and citizen of the state of Florida.

6.    CARNIVAL is a citizen of the state of Florida and the nations of Panama and the United Kingdom.

7.    CARNIVAL is a foreign corporation that is authorized to conduct and that does conduct business in the state of Florida, that at all times material hereto was and is doing business in Miami-Dade County, Florida, and that maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8.    CARNIVAL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

        a.    Operated, conducted, engaged in, or carried on a business venture; and/or

        b.    Had an office or agency; and/or

        c.    Engaged in substantial activity; and/or

        d.    Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## **FACTUAL ALLEGATIONS**

10.    The photograph below was taken by DAVIS after her incident on the date of the subject incident, and it depicts the subject area.



11.   At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, *the Freedom*.

12.   At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in DAVIS'S incident.

13.   DAVIS'S incident occurred on or about October 21, 2022, while she was a fare paying passenger on CARNIVAL'S vessel, *the Freedom*.

14.   On or about October 21, 2022, between approximately 9:00 AM and 9:30 AM, DAVIS was walking on Deck 5 of *the Freedom* in a normal and proper manner. However, unbeknownst to her, there was a foreign transitory liquid substance on the floor that she could not see because it blended into the color of the floor.

15.   As a result, DAVIS sustained severe injuries that include, but are not limited to, severe injuries to her upper and lower back, buttocks, and legs, possible neurological injuries, and other serious injuries.

16.   At all relevant times, the dangerous and/or risk creating conditions include, but are not limited to the following:

    a.   The surface DAVIS slipped on lacked adequate slip resistant material, which caused the subject surface to become unreasonably slippery, and which caused DAVIS to slip and fall.

    b.   There were no reasonable safety measures such as reasonable places DAVIS could grab in the subject area during her fall, which caused DAVIS's injuries to be more severe, since if she was able to grab onto something reasonable during her fall, she would have been able to mitigate her injuries, as her fall would not have been as severe, and her injuries would therefore not have been

as severe.

    c.   The visual condition of the floor, including its coloring, was such that DAVIS was unable to see the foreign transitory liquid substance on the subject surface, thereby causing her to slip and fall when she unknowingly walked over it.

    d.   Other dangerous conditions which will be revealed during discovery.

    e.   The subject foreign transitory liquid substance, which caused DAVIS'S incident and injuries because she slipped on this substance.

    f.   There were crewmembers in the subject area in the vicinity near the subject surface DAVIS slipped on. One of these crewmembers is depicted in a photograph attached to this complaint. However, these crewmembers failed to warn DAVIS of the above dangerous conditions and failed to control the crowd. This caused DAVIS's incident for the reasons discussed previously as to the previous dangerous conditions.

17.   Each of these dangerous conditions was a sufficient cause of DAVIS's incident and injuries, each of these conditions caused DAVIS's incident and injuries, and DAVIS is alleging that CARNIVAL was negligent as to each of these conditions in the alternative.[2]

18.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

    a.   Furthermore, DAVIS observed approximately three CARNIVAL crewmembers in the subject area at the time of the incident, and these crewmembers were in the immediate

---

[2] A sufficient cause means a cause that, acting alone, is sufficient to cause an effect. (https://www.verywellhealth.com/understanding-causality-necessary-and-sufficient-3133021). In this case, this means that each dangerous conditions DAVIS has alleged alone was a cause of his incident such that the only way CARNIVAL could have prevented DAVIS's incident was to have adequately warned of or remedied each of these conditions.

vicinity, such that DAVIS reasonably infers that these crew members regularly used, observed, and tended to the subject area, and therefore were or should have been aware of the dangerous and/or risk-creating conditions discussed in paragraph 16, and should have warned of and/or removed these conditions. One of these crewmembers is depicted in a photograph attached to this complaint.

b.  CARNIVAL participated in the installation and/or design of the subject surface, or alternatively, CARNIVAL accepted the surface with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject surface, such that CARNIVAL should have known of the design defects of the subject surface before providing them for public use. These design defects include, but are not limited to, the dangers outlined in paragraph 16(a-d).

c.  There are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in paragraph 16, and CARNIVAL should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for CARNIVAL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable cruise line should have done.

d.  CARNIVAL also knew or should have known of these dangerous conditions through inspecting the subject area involved in DAVIS'S incident, and if it did not know of these dangerous conditions, this was because CARNIVAL failed to adequately inspect the subject area prior to DAVIS'S incident.

e. Previous passengers in prior cases suffered prior slip and fall incidents involving similar surfaces on the same ship and other ships in CARNIVAL'S fleet (including Carnival Cruise Line, Princess Cruises, Holland America Line, Seabourn, P&O Cruises (Australia), Costa Cruises, AIDA Cruises, P&O Cruises (UK) and Cunard), including, but not limited to, *Kroll v. Carnival Corp.*, Case No. 1:19-cv-23017-JG, *Nembhard v. Carnival Corp.*, 1:19-cv-22954-FAM, *Tittle v. Carnival Corporation*, Case 1:21-cv-23647-KMW, and *Hornsberger v. Carnival Corporation*, Case 1:22-cv-20204-DPG.

f. Moreover, CARNIVAL knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

19.   At all times relevant, the subject surface were unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

20.   The subject surface and the vicinity lacked adequate safety features to prevent or minimize DAVIS'S incident and/or injuries.

21.   These hazardous conditions were known, or should have been known, to CARNIVAL in the exercise of reasonable care.

22.   These hazardous conditions existed for a period of time before the incident.

23.   These conditions were neither open nor obvious to reasonable passengers, including DAVIS, and CARNIVAL failed to adequately warn DAVIS of the dangers. CARNIVAL failed to provide reasonable warnings such as, for example, a warning cone in the subject area to warn DAVIS that the specific location of the fall was unreasonably slippery. The dangerous conditions that CARNIVAL needed to warn DAVIS of are those discussed in paragraph 16(a-e).

24.     At all times relevant, CARNIVAL failed to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject surface and the vicinity, for dangers. For example, CARNIVAL was required, by its own policies and procedures, to inspect the subject surface in certain intervals of time (such as, for example, every fifteen minutes), to ensure that it was not unreasonably slippery. However, CARNIVAL failed to inspect this surface during the intervals its own policies and procedures required, thereby causing it to be unable to address the unreasonable slipperiness of this surface prior to DAVIS's incident.

25.     At all times relevant, CARNIVAL had the ability to remedy the dangerous conditions, but failed to do so. For example, CARNIVAL could have covered, removed, or blocked off the location of the subject surface that was unreasonably slippery but failed to do so. The dangerous conditions that CARNIVAL needed to remedy are those discussed in paragraph 16.

26.     At all times relevant, CARNIVAL failed to maintain the conditions discussed in paragraph 16(a-e) in a reasonably safe condition. For example, CARNIVAL failed to perform regular upkeep on the subject surface, including, but not limited to, by failing to apply and to regularly apply anti-slip/slip resistant material to this surface.

27.     At all times relevant, CARNIVAL participated in the design and/or approved the design of the subject surface and the vicinity involved in DAVIS'S incident.

28.     At all times relevant, CARNIVAL participated in the installation and/or approved the installation of the subject surface and the vicinity involved in DAVIS'S incident.

29.     The crewmembers of *the Freedom* were in regular full-time employment of CARNIVAL and/or the ship, as salaried crewmembers.

30.    CARNIVAL's crewmembers, employees, and/or agents were subject to the ship's discipline and master's orders, and CARNIVAL had the right to hire and fire its crewmembers, employees, and/or agents.

31.    CARNIVAL is directly responsible and liable for their actions and the actions of its crewmembers, employees, and/or agents.

32.    The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

33.    The crewmembers were represented to DAVIS and the ship's passengers as employees of CARNIVAL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by CARNIVAL. CARNIVAL knew that the crewmembers represented themselves to be employees of CARNIVAL and allowed them to represent themselves as such. DAVIS detrimentally relied on these representations as DAVIS would not have proceeded on the subject cruise had he believed the crewmembers were not employees of CARNIVAL.

**COUNT I**
**NEGLIGENT FAILURE TO INSPECT**

34.    DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 24-25 as if set forth herein.

35.    CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

36.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the conditions discussed in paragraph 16(a-e), as well as the subject surface and the vicinity, for dangers.

37.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff

and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL breached the duty of reasonable care owed to DAVIS and were negligent by failing to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject surface and the vicinity, for dangers, such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-e) were present at the time of DAVIS'S incident.

38.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

39.   These risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject surface and the vicinity.

40.   CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS's injuries would not have occurred.

41.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

42.   CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

43.   As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S

vacation, cruise, and transportation costs.

44.    The losses are permanent and/or continuing in nature.

45.    DAVIS suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

46.    DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25-26 as if set forth herein.

47.    CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

48.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the conditions discussed in paragraph 16(a-e).

49.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to DAVIS and were negligent by failing to adequately maintain the conditions discussed in paragraph 16(a-e), such that the

unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-e) were present at the time of DAVIS'S incident.

50.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

51.   Moreover, these risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately maintain the conditions discussed in paragraph 16(a-e).

52.   CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS's injuries would not have occurred.

53.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

54.   CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

55.   As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S vacation, cruise, and transportation costs.

56.   The losses are permanent and/or continuing in nature.

57.   DAVIS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT III**
**<u>NEGLIGENT FAILURE TO REMEDY</u>**

58.    DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25 as if set forth herein.

59.    CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

60.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the dangerous conditions discussed in paragraph 16.

61.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to DAVIS and were negligent by failing to adequately remedy the dangerous conditions discussed in paragraph 16.

62.    CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

63.    Moreover, these risk-creating and/or dangerous conditions were caused

**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**
**Page 13 of 22**

CARNIVAL'S failure to adequately remedy the dangerous conditions discussed in paragraph 16.

64.   CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS's injuries would not have occurred.

65.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

66.   CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

67.   As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S vacation, cruise, and transportation costs.

68.   The losses are permanent and/or continuing in nature.

69.   DAVIS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court

costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT IV
## <u>NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION</u>

70.   DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-23 as if set forth herein.

71.   At all times relevant, CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including DAVIS.

72.   Such duty includes, but is not limited to, the duty that CARNIVAL owes to warn passengers of any dangers that it knew or should have known were not open and obvious to DAVIS.

73.   Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

74.   At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to DAVIS and was negligent by failing to warn DAVIS of the dangerous conditions discussed in paragraph 16(a-e).

75.   Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

76.   These dangerous conditions were also created by CARNIVAL.

77.   CARNIVAL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or CARNIVAL failed to warn DAVIS despite knowing of the dangers.

78.   These dangerous conditions existed for a period of time before the incident.

79.   These conditions were neither open nor obvious to DAVIS.

80.   CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS's injuries would not have occurred.

81.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

82.   CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

83.   As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S vacation, cruise, and transportation costs.

84.   The losses are permanent and/or continuing in nature.

85.   DAVIS has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court

costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT SURFACE AND THE VICINITY

86.   DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 27-28, as if set forth herein.

87.   CARNIVAL negligently designed, as well as negligently approved of the design, of the dangerous conditions discussed in paragraph 16(a-d).

88.   At all times material hereto, CARNIVAL owed a duty to its passengers, and in particular a duty to DAVIS, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in paragraph 16(a-d), as well as to design and install reasonable safeguards.

89.   At all times material hereto, CARNIVAL participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and to put the vessel on which DAVIS was injured into the channels of trade, and/or CARNIVAL approved of the subject vessel's design, including the design of the subject surface and the vicinity.

90.   At all times material hereto, CARNIVAL manufactured, designed, installed, and/or approved of *the Freedom*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to DAVIS, to design, install and/or approve of the conditions discussed in paragraph 16(a-d) without the deficiencies discussed in paragraph 16(a-d).

91.   At all times material hereto, CARNIVAL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with CARNIVAL,

designed, installed, and/or approved of the subject surface and the vicinity involved in DAVIS'S incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

92. CARNIVAL provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject surface and the vicinity.

93. CARNIVAL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including *the Freedom*, during the new build process.

94. CARNIVAL has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

95. CARNIVAL has the right to inspect and reject design elements before taking possession of the ship.

96. However, CARNIVAL permitted the dangerous conditions discussed in paragraph 16(a-d) to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

97. Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

98. The design flaws that made the subject surface and the vicinity involved in DAVIS'S incident unreasonably dangerous were the direct and proximate cause of DAVIS'S injuries.

99. CARNIVAL is liable for the design flaws of the vessel, including of the subject surface and the vicinity involved in DAVIS'S incident, which it knew or should have known of.

100. CARNIVAL failed to correct and/or remedy the defective conditions, despite the fact

that CARNIVAL knew or should have known of the danger(s).

101.  CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS's injuries would not have occurred.

102.  Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

103.  CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

104.  As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S vacation, cruise, and transportation costs.

105.  The losses are permanent and/or continuing in nature.

106.  DAVIS has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court

costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VI**
**NEGLIGENCE FOR THE ACTS OF CARNIVAL'S CREW, STAFF, EMPLOYEES,**
**AND/OR AGENTS, BASED ON VICARIOUS LIABILITY**

17.    DAVIS hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 29-33, as if set forth herein.

18.    CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

19.    The crewmembers who were in the immediate vicinity of the subject surface should have warned and/or assisted DAVIS in avoiding walking over the subject transitory foreign transitory liquid substance were agents of CARNIVAL for the following reasons:

a.    They were the staff and/or employees of CARNIVAL, or were CARNIVAL'S agents, apparent agents, and/or servants; and/or

b.    These staff, employees, and/or agents were subject to the right of control by CARNIVAL; and/or

c.    These staff, employees, and/or agents were acting within the scope of their employment or agency; and/or

d.    CARNIVAL acknowledged that this staff, employees, and/or agents would act on CARNIVAL'S behalf, and they accepted the undertaking.

20.    CARNIVAL is vicariously liable for the negligent acts of these staff, employees, and/or agents in failing to warn DAVIS of the dangerous conditions discussed in paragraph 16(a-e) and/or failing to adequately assist her in avoiding walking over the subject transitory foreign transitory liquid substance. One of these crewmembers is depicted in a photograph attached to this

complaint.

21.    CARNIVAL'S breach was the cause in-fact of DAVIS'S great bodily harm in that, but for CARNIVAL'S breach DAVIS'S injuries would not have occurred.

22.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

23.    CARNIVAL'S breach proximately caused DAVIS great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

24.    As a result of CARNIVAL'S negligence, DAVIS has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of DAVIS'S vacation, cruise, and transportation costs.

25.    The losses are permanent and/or continuing in nature.

26.    DAVIS has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ILYASHA DAVIS, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that DAVIS will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court

costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ILYASHA DAVIS, demands trial by jury on all issues so triable.

**Dated:** December 20, 2022.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for DAVIS***